UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL STEPHENS,

    Plaintiff,

-vs.-

Case No.

Wakefield & Associates, Inc.,

    Defendant.

_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, KARL STEPHENS, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Detroit, Wayne County, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Detroit, Wayne County, Michigan.

6. The Defendant to this lawsuit is Wakefield & Associates, Inc. ("Defendant"), which is a domestic corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Independent Emergency Physicians in the amount of $571.00 (the "collection item").

8. Defendant is reporting the collection item with a dispute comment on Plaintiff's credit disclosure.

9. Plaintiff no longer disputes the collection item.

10. On July 6, 2021, Plaintiff obtained his Trans Union credit disclosure and noticed Defendant reporting the collection item.

11. On or about September 2, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the

collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

12. On September 7, 2021, Defendant received the dispute letter.

13. On November 2, 2021, Plaintiff obtained his Trans Union credit disclosure, which showed that Defendant last reported the collection item reflected by the Trans Union credit disclosure on September 27, 2021 and failed or refused to remove the dispute comment from the collection item, in violation of the FDCPA.

14. With a disputed item appearing on his credit report, Plaintiff's FICO score is reporting inaccurately such that he is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failures to remove the dispute comment.

15. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureau.

16. Defendant had more than ample time to Trans Union to remove the dispute comment from the collection item.

17. Defendant's inaction to remove the dispute comment from the collection items were either negligent or willful.

18. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to the Defendant's failure to properly report the collection items.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this collection item violated 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and

   b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by

failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

24. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

22. Defendant's failure to remove the erroneous dispute notation from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding his creditworthiness.

23. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

24. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

November 22, 2021     /s/ Carl Schwartz
CARL SCHWARTZ (P70335)
GARY A. HANSZ (P44956)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – Carl@crlam.com